UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

RYAN JACOB GOLDSBERRY,

        Petitioner,

v.

    Case No. 1:22-cv-444

    Honorable Robert J. Jonker

GEORGE STEPHENSON,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Plaintiff has moved for leave to proceed *in forma pauperis*. (ECF No. 2.) The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). The Court should only grant leave to proceed *in forma pauperis* when it reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship on Petitioner. Accordingly, the Court will grant Petitioner's motion for leave to proceed *in forma pauperis*.

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual

allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Discussion

### I. Factual allegations

Petitioner Ryan Jacob Goldsberry is incarcerated with the Michigan Department of Corrections at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan. On February 13, 2020, Petitioner pleaded *nolo contendere* in the Eaton County Circuit Court to armed robbery, in violation of Mich. Comp. Laws § 750.529, unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b, assault with a dangerous weapon, in violation of Mich. Comp. Laws § 750.82, unlawfully driving away an automobile, in violation of Mich. Comp. Laws § 750.413, and stealing a financial transaction device, in violation of Mich. Comp. Laws § 750.157n. On August 26, 2020, the court sentenced Petitioner to concurrent prison terms of 20 to 60 years for armed robbery, 10 to 15 years for unlawful imprisonment, 2 to 5 years for unlawfully driving away an automobile, and 2 to 4 years for assault with a dangerous weapon and stealing a financial transaction device.

The facts underlying Petitioner's convictions are set forth in his state appellate brief. (Pet'r's Appl. for Leave to Appeal, ECF No. 1-1, PageID.22–24.) On May 21, 2019, Petitioner and his girlfriend Emily Woden were at the home of Petitioner's family friend, Dawn Smith. As Ms. Smith cooked dinner, she was hit on the head with, apparently, a cast iron frying pan and then pushed and kicked down her basement stairs. The trap door over the basement stairs was blocked by a dresser. Eventually, Ms. Smith was able to climb out the basement window. Her purse and her vehicle were missing. Ms. Smith was taken by ambulance to Sparrow Hospital where she

remained for five days. Petitioner and his girlfriend were arrested in California, two days after the incident.

On appeal, with the assistance of counsel, Petitioner raised the same challenges he raises in this Court. He contends that the trial court erred in scoring the offense variables that were used to determine his sentence under the Michigan sentencing guidelines. Specifically, Petitioner claims that the trial court erred in scoring the offense variable regarding psychological injury to the victim (OV 4), Mich. Comp. Laws § 777.34; the offense variable regarding aggravated physical abuse (OV 7), Mich. Comp. Laws § 777.37; and the offense variable regarding victim asportation or captivity (OV8), Mich. Comp. Laws § 777.22. Petitioner argued that the victim did not suffer psychological injury beyond that which would occur to any armed robbery victim, that the physical abuse of the victim did not go beyond what was necessary to commit the offense, and that she was not held captive for any longer than necessary to take her purse and car. (Pet'r's Appl. for Leave to Appeal, ECF No. 1-1, PageID.24–26.)

The Michigan Court of Appeals denied leave to appeal by order entered March 25, 2021. *People v. Goldsberry*, No. 356321 (Mich. Ct. App. Mar. 25, 2021) (ECF No. 1-1, PageID.28). Petitioner then filed a *pro per* application for leave to appeal to the Michigan Supreme Court raising the same arguments. The supreme court denied leave to appeal by order entered October 8, 2021. *People v. Goldsberry*, No. 163017 (Mich. Oct. 8, 2021) (ECF No. 1-1, PageID.29).

On May 16, 2022, the Court received Petitioner's timely-filed habeas corpus petition which raises one ground for relief, as follows:

> I. The trial court erred in scoring OV 4, OV 7, and OV 8, and resentencing is required.

(Pet., ECF No. 1, PageID.5.)

## II. AEDPA standard

The AEDPA "prevent[s] federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693–94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "Under these rules, [a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Stermer v. Warren*, 959 F.3d 704, 721 (6th Cir. 2020) (quoting *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)) (internal quotation marks omitted)). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Williams v. Taylor*, 529 U.S. 362, 381–82 (2000); *Miller v. Straub*, 299 F.3d 570, 578–79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37–38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405–06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington*, 562 U.S. at 103).

Determining whether a rule application was unreasonable depends on the rule's specificity. *Stermer*, 959 F.3d at 721. "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough*, 541 U.S. at 664. "[W]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey v. Mitchell*, 271 F.3d 652, 656 (6th Cir. 2001). This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546–547 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

Section 2254(d) limits the facts a court may consider on habeas review. The federal court is not free to consider any possible factual source. The reviewing court "is limited to the record

5

that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). "If a review of the state court record shows that additional fact-finding was required under clearly established federal law or that the state court's factual determination was unreasonable, the requirements of § 2254(d) are satisfied and the federal court can review the underlying claim on its merits. *Stermer*, 959 F.3d at 721 (citing, *inter alia*, *Brumfield v. Cain*, 576 U.S. 305 (2015), and *Panetti v. Quarterman*, 551 U.S. 930, 954 (2007)).

If the petitioner "satisfies the heightened requirements of § 2254(d), or if the petitioner's claim was never 'adjudicated on the merits' by a state court, 28 U.S.C. § 2254(d),"—for example, if he procedurally defaulted the claim—"AEDPA deference no longer applies." *Stermer*, 959 F.3d at 721. Then, the petitioner's claim is reviewed *de novo*. *Id.* (citing *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003)).

**III.     Discussion**

Petitioner's habeas claims relate to the trial court's determination of Petitioner's sentence under the Michigan sentencing guidelines. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). A habeas petition must "state facts that point to a 'real possibility of constitutional error.'" *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977) (quoting Advisory Committee Note to Rule 4, Rules Governing Habeas Corpus Cases). The federal courts have no power to intervene on the basis of a perceived error of state law. *Wilson*, 562 U.S. at 5; *Pulley v. Harris*, 465 U.S. 37, 41 (1984).

Claims concerning the improper application of, or departures from, sentencing guidelines are state law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373–74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d

6

298, 301–02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief). The crux of each of Petitioner's challenges is that the trial court applied the guidelines erroneously when it assessed points for offense variables 4, 7, and 8. That sort of challenge is not cognizable on habeas review.

There are circumstances where a state trial court's determination of sentence might violate due process. It is well established that a court violates due process when it imposes a sentence based upon materially false information. *United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 740 (1948) (citation omitted). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447. But that is not the nature of Petitioner's claim.

Petitioner's appellate arguments acknowledge that the victim suffered psychological injury, that she was physically abused, and that she was held captive. Nonetheless, he claims the trial court's scoring is still improper because state law permits scoring those variables only where the perpetrator's conduct goes beyond that which is necessary to commit the offense. Petitioner's claim raises purely a state law issue.

As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id*. at 67–68. The decision of the state courts on a state-law issue is binding on a federal court. *See Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas

corpus."). The appellate court's determination that the trial court properly scored the three offense variables under state law is, therefore, axiomatically correct on habeas review.

Petitioner has failed to demonstrate that the state court's scoring of his sentence is contrary to, or involved an unreasonable determination of, clearly established federal law, or that the scoring was based on an unreasonable determination of the facts. Therefore, Petitioner is not entitled to habeas relief.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order granting Petitioner leave to proceed *in forma pauperis* in this Court but denying a certificate of appealability.

Dated:   May 19, 2022                             /s/ Robert J. Jonker
                                                  ROBERT J. JONKER
                                                  CHIEF UNITED STATES DISTRICT JUDGE